■ KAMYR, INC., et al., Appellants, v COMBUSTION ENGINEERING, INC., et al., Respondents. [603 NYS2d 451] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 5, 1992, which granted defendants' motion for summary judgment dismissing, *inter alia,* plaintiffs' causes of action for fraud and their claims for punitive damages, and judgment, same court (Edward Greenfield, J.), entered December 30, 1992, upon a verdict, dismissing the complaint in its entirety, unanimously affirmed, without costs.

Inasmuch as the jury found that Combustion Engineering's oral agreement of April 4, 1986 to assume Koppers' obligations under the Kamyr-Koppers agreements was not conditioned upon Kamyr's acceptance of the definition of the term "Systems" contained in the warranty that Koppers gave Combustion Engineering, it follows that such definition cannot be the basis of a claim by Kamyr that Combustion Engineering breached such oral agreement by refusing to accept an assignment of the Kamyr-Koppers agreements without change. Moreover, the alleged oral agreement violated the Statute of Frauds since it was to be performed for at least five years (General Obligations Law § 5-701 [a] [1]; *see, Backus Plywood Corp. v Commercial Decal,* 317 F2d 339, 343, *cert denied* 375 US 879), and was otherwise unenforceable because, void of most of the material terms of a contract, it was merely an agreement to agree *(see, Willmott v Giarraputo,* 5 NY2d 250). Kamyr's fraud claim against Combustion Engineering was properly dismissed as restatement of its breach of contract claim *(see, Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 211). An allegation that one did not intend to perform a contract does not amount to a cause of action for fraud *(see, Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.