■ PAUL J. CANIGLIA et al., Appellants, v CHICAGO TRIBUNE-NEW YORK NEWS SYNDICATE INC. et al., Respondents, et al., Defendant. [612 NYS2d 146] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered April 15, 1993, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss, with prejudice, the first and second causes of action of the plaintiffs' complaint, unanimously affirmed, without costs.

On a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference. However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted

by documentary evidence are not entitled to such consideration *(see, Mark Hampton, Inc. v Bergreen,* 173 AD2d 220).

The IAS Court properly dismissed, without leave to replead, the plaintiffs' first cause of action, purporting to set forth a cause of action for breach of contract, as too indefinite, and therefore, unenforceable, for plaintiffs' failure to allege, in nonconclusory language, as required, the essential terms of the parties' purported personal services contract, including those specific provisions of the contract upon which liability is predicated *(Chrysler Capital Corp. v Hilltop Egg Farms,* 129 AD2d 927, 928), whether the alleged agreement was, in fact, written or oral *(Bomser v Moyle,* 89 AD2d 202, 205), and the rate of compensation *(Cooper Sq. Realty v A.R.S. Mgt.,* 181 AD2d 551).

Plaintiffs' second cause of action for purported fraud constitutes a mere restatement of their breach of contract claim *(Kamyr, Inc. v Combustion Eng'g,* 198 AD2d 44) and failed to contain the essential elements of the alleged fraud, i.e., representation of a material fact, falsity, knowledge, intent to deceive, reliance and damages, with the requisite particularity pursuant to CPLR 3016 (b) *(Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 31-32). It is well settled that a cause of action for fraud does not arise, where, as here, the only fraud alleged merely relates to a contracting party's alleged intent to breach a contractual obligation *(Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500). Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.