The People of the State of New York, Respondent, v Clifford Randall, Appellant. [639 NYS2d 919]

Defendant's claim that his guilty plea was coerced by his attorney is belied by the minutes of the plea proceeding and plea withdrawal hearing, which show that the plea represented a voluntary and intelligent choice among alternative courses of action, including exposure to a harsher sentence after trial or even after further plea negotiations (see, People v Harris, 61 NY2d 9, 19-20). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.

Ruben Starishevsky, Respondent, v Dean Parker, Appellant, et al., Defendants. [639 NYS2d 377]

Plaintiff's allegations, presumed to be true for the purposes of this motion to dismiss, that defendant-appellant unethically counseled a university student to file a sexual harassment claim that appellant knew to be false and that had a direct bearing on the university's decision to terminate plaintiff's employment wrongfully (Matter of Starishevsky v Hofstra Univ., 161 Misc 2d 137), that appellant created a hostile atmosphere by divulging confidential harassment proceedings to a newspaper reporter for publication, and that appellant was motivated by a personal vendetta against plaintiff, are sufficient to show that appellant acted solely with disinterested malevolence in seeing plaintiff fired (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333). They are accompanied by a particularized claim of special damages in the form of identifiable lost wages and benefits and are sufficient to state a cause of action for prima facie tort (supra, at 332). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.