■ TAMMIE STALLINGS, Appellant, v U.S. ELECTRONICS, INC., et al., Respondents. [707 NYS2d 9] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 22, 1999, which, in an action against plaintiff's former corporate employer and departmental supervisor to recover damages for, *inter alia*, sexual discrimination, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate plaintiff's causes of action for intentional infliction of emotional distress and prima facie tort as against defendant supervisor only, and otherwise affirmed, without costs.

Plaintiff's allegations against the supervisor do not state a cause of action under the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*). All that can be gathered from these allegations is that the supervisor, a female, harassed plaintiff not because of plaintiff's gender but because of a nonwork-related intimate relationship (*see,* Administrative Code § 8-107 [1] [a]; *Oncale v Sundowner Offshore Servs.*, 523 US 75, 80-81). Absent discriminatory acts, the employer cannot be liable under the Human Rights Law for any aiding and abetting of the supervisor's conduct (Administrative Code § 8-107 [6]), and neither defendant can be liable under the Human Rights Law for retaliating against plaintiff (Administrative Code § 8-107 [7]). However, plaintiff's allegations do describe conduct sufficiently extreme and outrageous to state a cause of action for intentional infliction of emotional distress (*see generally, Howell v New York Post Co.,* 81 NY2d 115, 121), and we modify to reinstate that cause of action, but only as against the supervisor. The employer cannot be held vicariously liable for the supervisor's alleged outrageous conduct because, giving plaintiff's allegations every favorable intendment, the supervisor acted for personal motives unrelated to the furtherance of the employer's business (*see, Tomka v Seiler Corp.,* 66 F3d 1295, 1317-1318, citing *Heindel v Bowery Sav. Bank,* 138 AD2d 787). Nor does plaintiff state a cause of action for intentional infliction of emotional distress as against the employer in alleging, again construing the complaint liberally, that the employer refused to take any steps to curtail the harassment. We also modify to reinstate, again only

as against the supervisor, the alternative cause of action for prima facie tort, i.e., for the intentional, unjustified infliction of harm by otherwise legal acts causing plaintiff special damages in the form of lost wages (*see, Curiano v Suozzi*, 63 NY2d 113, 117; *Starishevsky v Parker*, 225 AD2d 480). As against the employer, plaintiff's allegations fail to show that its sole motive in not disciplining the supervisor, other than to transfer her to another floor, was " 'disinterested malevolence' " against plaintiff, and thus no cause of action for prima facie tort is stated (*Curiano v Suozzi, supra*, at 117). Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.