■ HERZEL TAL, Individually and on Behalf of Himself and Other Shareholders of EMUNAH 26 CORP., Appellant, v ALBERT MALEKAN, Also Known as ALBERT MALEKEN and ALBERT MALEKIN, et al., Respondents. [760 NYS2d 36] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 3, 2002, which granted defendants' motion to dismiss plaintiff's complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 17, 2002, which denied plaintiff's motion to "renew and/or reargue" the prior motion, unanimously dismissed, without costs, as the motion was in fact one to reargue and no appeal lies from the denial of a motion to reargue.

Plaintiff alleges, essentially, that he and defendants were partners in real estate ventures, and that, in breach of the terms of their partnership, he was excluded from the venture in which defendants purchased certain real property and formed Emunah 26 Corp. for the purpose of holding title to and managing the property. The motion court, however, properly dismissed the complaint since plaintiff's claim of an overarching partnership entitling him to an interest in Emunah 26 Corp. and its property is fatally undermined by plaintiff's own complaint and averments, and the documentary evidence.

While it is true that allegations in a complaint are to be taken as true when considered on a motion to dismiss pursuant to CPLR 3211, "allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration" (*Caniglia v Chicago Tribune-New York News Syndicate,* 204 AD2d 233, 233-234 [1994]). Plaintiff's assertion of a "partnership" with defendants is such a bare legal conclusion.

While plaintiff alleges that he commenced a real estate partnership with defendant Albert Malekan in 1986 and claims, at least implicitly, that the purported partnership agreement barred partners from entering into any real estate ventures without the participation of all copartners, plaintiff, in the same complaint, clearly states that he did not include Malekan in any of his real estate businesses from 1987 to 1992, and thus fatally undermines any claim that the alleged 1986 partnership with Malekan was sufficiently enduring to have been breached in 1996 when defendants entered into the complained-of Emunah 26 transactions. In addition, although

plaintiff further alleges that, by means of what he refers to as a "Revised Partnership Agreement," the alleged "partnership" in 1994 was expanded to include defendant Abraham Talass, the purported 1994 agreement, far from confirming any preexisting, overarching partnership design, is concerned with the disposition of a single property, does not envision any other future ventures, and does not in any way acknowledge or revive any past partnership. Indeed, pursuant to the "Revised Partnership Agreement," all prior agreements between the parties affecting the subject real estate interest were expressly deemed "null and void and of no further force and effect." Thus, even if a partnership sufficiently broad in scope to encompass the complained-of Emunah 26 transactions had existed, its continued vitality would not have been consistent with the terms of the "Revised Partnership Agreement."

That plaintiff did enter into some real estate ventures with defendants in the past is insufficient to overcome the deficiencies of the complaint. Each of the past ventures was a separately incorporated venture with separate tax returns and no other indicia of a larger partnership. Nor do these past ventures explain why plaintiff was able to act on his own from 1987 to 1992 if the alleged partnership with defendant Malekan existed, or why the "Revised Partnership Agreement" on its face negates plaintiff's claims.

Plaintiff's derivative claims on behalf of Emunah 26 Corp. were properly dismissed for lack of standing because plaintiff has failed to allege any basis upon which he might claim an actual, equitable or beneficial interest in any Emunah 26 shares (see Business Corporation Law § 626 [a], [b]; *Pullin v Feinsod,* 142 AD2d 561, 562 [1988]; *compare Shui KamChan v Kwak Yak Louis,* 303 AD2d 151 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.