**Joy HIRSCH, Plaintiff,**

v.

**COLUMBIA UNIVERSITY, COLLEGE OF PHYSICIANS AND SURGEONS, et.al., Defendants.**

**No. 03 CIV.4270 VM.**

United States District Court, S.D. New York.

Nov. 24, 2003.

See also 2003 WL 22705395.

Janice Goodman, Goodman & Zuchlewski, L.L.P., New York City, for plaintiff.

Robert D. Kaplan, Friedman, Kaplan, Seiler & Adelman, LLP, New York City, for Columbia Univ. College of Physicians and Surgeons, Philip O. Alderson.

Bruce J. Turkle, Phillips Nizer Benjamin Krim & Ballon, LLP, New York City, for Herbert Pardes.

## DECISION AND AMENDED ORDER

MARRERO, District Judge.

### I. INTRODUCTION

Plaintiff Joy Hirsch ("Hirsch") brings this action for gender discrimination under Title VII of the Civil Rights Act of 1964 and the New York State and New York City Human Rights Laws, and for breach of contract and fraud. Defendant Herbert Pardes ("Pardes") moves to disqualify Hirsch's counsel and to dismiss Hirsch's complaint as against him. In a Decision and Order dated November 13, 2003, the Court denied Pardes's motion for disqualification, granted Pardes's motion to dismiss as to him Hirsch's discrimination and breach of contract claims, and denied Pardes's motion to dismiss as to him Hirsch's fraud claim. The Court stated

that its findings and conclusions would subsequently be made available. This Amended Decision and Order sets forth those findings and conclusions.

## II. *FACTS AND PROCEEDINGS*

Hirsch left a tenured position as a neuroscientist at the Sloan Kettering Division of the Weil Graduate School of Medical Sciences of Cornell University in 1999 to join the faculty of the College of Physicians and Surgeons (the "Medical School"), the medical school of Columbia University ("Columbia"). Pardes, at the time the Dean of the Faculty of Medicine at the Medical School, had actively recruited Hirsch to join the Medical School.

As part of that recruitment, Pardes allegedly promised Hirsch that she would receive "prompt and enthusiastic consideration for tenure and for an endowed chair." (Complaint dated June 12, 2003, at ¶ 14.)

In a letter to Hirsch dated December 13, 1999, Pardes and Philip O. Alderson ("Alderson"), the then-Chair of the Department of Radiology at the Medical School, set forth the terms of Columbia's offer of employment. The letter stated that "we will enthusiastically recommend you for tenure to the appropriate University Committees as soon as possible. Consideration will also be given to appointing you to an endowed chair in the School of Medicine." (Letter dated Dec. 13, 1999 to Hirsch from Pardes and Alderson (the "Employment Letter"), attached as Exhibit B to Affidavit of Bruce J. Turkle in Support of Motion of Defendant Herbert Pardes, M.D. to Disqualify Plaintiff's Counsel and Dismiss the Complaint as Against Him, dated Sept. 4, 2003.)

Later in December 1999, Pardes left Columbia to become President and Chief Executive Officer of The New York and Presbyterian Hospital (the "Hospital"). In 2002, Hirsch was denied tenure. Columbia's Provost informed Hirsch that one reason for the denial of tenure was that Hirsch had not been hired through Columbia's standard competitive recruitment and hiring procedure. Hirsch asserts that Pardes and Alderson assured her that they were following Columbia's standard hiring procedure when they recruited her.

Hirsch brings this action against Columbia, the Medical School, Pardes, and Alderson. Hirsch asserts claims for (1) sex discrimination in violation of Title VII, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), (2) unlawful discrimination in violation of § 296 of the New York State Human Rights Law ("NYSHRL"), (3) unlawful discrimination in violation of the New York City Human Rights Law, Administrative Code § 8–101 *et. seq.* ("NYCHRL"), (4) breach of contract, and (5) fraud.

The Hospital is affiliated with Columbia. Hirsch's attorneys have represented the Hospital in prior employment discrimination cases.

Pardes filed a motion to disqualify Hirsch's counsel, the law firm of Goodman and Zuchlewski ("G & Z"), and to dismiss the complaint as against him.

## III. *DISCUSSION*

### A. *DISQUALIFICATION OF COUNSEL*

■■■ A judge may disqualify an attorney from representing a client in a case if disqualification is necessary "to preserve the integrity of the adversary process." *Bd. of Educ. of City of New York v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979). The Court must balance that societal interest against litigants' right to freely choose their own counsel. *See Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978).

More specifically, the Second Circuit has indicated that a court may disqualify an attorney upon motion from a party if:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; *and* (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Evans v. Artek Sys., Inc.*, 715 F.2d 788, 791 (2d Cir.1983) (emphasis added).

■ Pardes argues that the Court should disqualify G & Z from representing Hirsch in a suit against him because he is President and CEO of the Hospital and G & Z has previously represented the Hospital in employment discrimination cases. He asserts that G & Z has had access to the Hospital's confidential internal policies on employment practices. Pardes identifies cases in which G & Z defended the Hospital against claims brought under Title VII and the New York State and New York City Human Rights Laws, the same statutes under which Hirsch is bringing claims against him.

G & Z admits that it represented the Hospital in the past, but no longer does so, and states that it has never represented Pardes or Columbia.

Pardes argues that the Hospital and Columbia "are inextricably linked together" because of an 80–year affiliation between the two institutions. (Memorandum of Law of Defendant Herbert Pardes, M.D. To Disqualify Plaintiff's Counsel and Dismiss the Complaint as Against Him (Motion) at 9.)

The extent of the relationship between the Hospital and the Medical School is not clear from the pleadings and the record on the motion at hand. Pardes indicates that many Medical School faculty members also hold positions at the Hospital. Nevertheless, Pardes does not persuasively rebut Hirsch's assertions that the Hospital and the Medical School are distinct institutions and that Hirsch's employment agreement and relationship were solely with the Medical School. Hirsch was employed only by the Medical School. The Employment Letter to Hirsch was written on letterhead from the Health Sciences Division of Columbia University. The Employment Letter stated that Hirsch's position would be Director of the Functional Imaging Research Unit at the College of Physicians and Surgeons. Pardes's argument that G & Z may have had access to confidential information as to hiring policies at the Hospital is also meritless because the only decisions at issue in this case involve tenure at the Medical School. There is no indication that the Hospital has a tenure policy for its employees, or that its employment policies are identical to those of the Medical School. The hiring policies of the Hospital are not relevant to this case.

Furthermore, the New York Code of Professional Responsibility ("NYCPR") Ethical Consideration 5–18 provides "a lawyer employed or retained by a corporation or similar entity owes allegiance to the entity and not to [a] director, officer, ... or other person connected with the entity." Additionally, NYCPR Disciplinary Rule 5–109(A) provides in pertinent part that when a lawyer is retained by an organization, "the lawyer is the lawyer for the organization and not for any of the constituents." *See also, Evans*, 715 F.2d at 792 (noting that when a lawyer serves as counsel to an entity, the entity, rather than any individual employee, is the client). Consequently, Pardes, the moving party in this disqualification motion, is not a former client of G & Z.

Finally, Pardes is not being sued in his current role as President and CEO of the Hospital. Rather, the lawsuit against Pardes arises out of actions he allegedly took while he was Dean of the Faculty of the Medical School. The identity of his current employer is irrelevant to any of Hirsch's claims.

Because Pardes is not a former client of G & Z and because there is no indication that in its prior representation of the Hospital G & Z had or likely had access to any privileged information relevant to Hirsch's claims against Pardes or any other defendant in the case at bar, Pardes's motion to disqualify G & Z is denied.

## B.  MOTION TO DISMISS

### 1.  Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) may be granted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 74, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The role of the Court at this stage is not to determine whether the plaintiff will ultimately prevail on the merits of her claim, but instead to determine whether she should be permitted to engage in discovery and present evidence to support her claims. *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir.2000). When considering a motion to dismiss, a court must accept as true all material facts well-pleaded in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994).

### 2.  Federal Title VII Claim

■ The Second Circuit has expressly stated that individual supervisors can not be held liable as employers for discrimination under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995); *Perry v. State of New York Dep't of Labor*, No. 02 Civ. 7566, 2003 WL 22327887, at *1 (S.D.N.Y. Oct.10, 2003). In her brief, Hirsch concedes that her Title VII claim cannot proceed against Pardes individually. Thus, Hirsch's first cause of action is dismissed as to Pardes.

### 3.  State and City Human Rights Law Claims

■ Hirsch's second and third causes of action allege violations of the NYSHRL [1] and NYCHRL [2] (together, the "HRLs").

---

**1.** The NYSHRL provides in pertinent part:

1.  It shall be an unlawful discriminatory practice:
    (a) For an employer ... because of the age, race, ... [or] sex ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

.    .    .    .    .

6.  It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.

NY Exec. Law § 296.

**2.** The NYCHRL provides in pertinent part:

1.  Employment. It shall be an unlawful discriminatory practice:
    (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, ... [or] gender ... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

.    .    .    .    .

6.  Aiding and abetting. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so.

For an individual to be liable for discriminatory conduct under the HRLs, that individual must have actively participated in the discrimination. *See Tomka*, 66 F.3d at 1317; *Smith v. AVSC Int'l, Inc.*, 148 F.Supp.2d. 302, 309 (S.D.N.Y.2001); *Stallings v. U.S. Electronics Inc.*, 270 A.D.2d 188, 707 N.Y.S.2d 9, 10 (App.Div. 1st Dept. 2000).

In her Complaint, Hirsch alleges that "Columbia University maintains a pattern and practice of discriminating against women in its hiring and granting of tenure and in other terms and conditions of employment." (Complaint ¶ 10.) Pardes's name does not appear anywhere in the four pages of the Complaint setting forth Hirsch's sex discrimination claim.

Hirsch makes no allegation that Pardes himself personally engaged in any discriminatory behavior. The Court finds nothing in the Complaint that gives rise to even a remote inference that Pardes could potentially be individually liable for discrimination under the HRLs. The decision to deny Hirsch tenure was made two years after Pardes left Columbia. Hirsch argues that her discrimination claim reaches matters beyond the tenure decision and includes her alleged receipt of a lower salary than a comparable male employee. But even assuming that is true, there is nothing to indicate that Pardes personally determined the salary for Hirsch or the allegedly comparable male counterpart.

The situation here differs from that in *McNulty v. New York City Dep't of Fin.*, 941 F.Supp. 452, 460 (S.D.N.Y.1996), in which the court denied a similar motion by individual defendants to dismiss a complaint asserting a discrimination claim under the NYSHRL. In *McNulty*, the court found sufficient facts to produce at least the possibility of individual liability for age

discrimination, because the plaintiff alleged that the individual defendant personally selected the plaintiff as one of seven employees to be terminated, played a personal role in rehiring five of the other six employees who had been terminated, and offered the plaintiff a possibly pretextual reason for her termination. *See id.* Although Pardes was personally involved in recruiting Hirsch, there are no indications he was personally involved in any discriminatory activities against Hirsch during the brief period he remained at the Medical School following Hirsch's employment there. The Court therefore grants Pardes's motion to dismiss as to him Hirsch's discrimination claims under the HRLs.

### 4. *Breach of Contract*

Hirsch's fourth cause of action alleges that the defendants breached her contract "by failing to promptly appoint her to a position at Columbia; failing to promptly and enthusiastically support her application for tenure and failing to consider her for appointment to an endowed chair." (Complaint at ¶ 53.)

As a general rule, an individual agent who signs an agreement on behalf of a disclosed principal will not be personally liable on that agreement unless there is "clear and explicit evidence" that the individual intended to personally bind himself. *Lerner v. Amalgamated Clothing and Textile Workers Union*, 938 F.2d 2, 5 (2d Cir.1991) (quoting *Mencher v. Weiss*, 306 N.Y. 1, 114 N.E.2d 177, 179 (1953); *Star Video Entm't, L.P. v. J & I Video Distrib., Inc.*, 268 A.D.2d 423, 702 N.Y.S.2d 91, 92 (App. Div. 2nd Dep't 2000)).

The Employment Letter was signed by "Herbert Pardes, M.D., Vice

President for the Health Sciences and Dean of the Faculty of Medicine" and by "Philip O. Alderson, M.D., James Picker Professor and Chairman, Department of Radiology." The Employment Letter was written on the letterhead of the Columbia University Health Sciences Division.

Hirsch argues that clear and explicit evidence of Pardes's intent to bind himself personally exists here. She relies on a section titled "Personal Commitments" in the Employment Letter, which contains the statements "we will enthusiastically recommend you for tenure to the appropriate University Committees as soon as possible. Consideration will also be given to appointing you to an endowed chair in the School of Medicine." Hirsch argues that because these statements appear in the "Personal Commitments" section, they signify an intent by Pardes to bind himself personally to the Employment Letter.

Hirsch misreads the significance of "Personal Commitments" as a section heading. The other headings in the Employment Letter were "Capital Commitments" and "Operating Budget." The latter two sections detailed allocations of laboratory equipment and office space, and financing for Hirsch's laboratory and support staff. The section titled "Personal Commitments" described Hirsch's title, salary, benefits, and housing. Hirsch's argument would require the Court to conclude that Pardes personally intended to pay Hirsch's salary, offer her health insurance, and rent her an apartment. As a matter of contract interpretation, rather than construing the "Personal Commitments" section as being a list of commitments undertaken by Pardes and Alderson in their individual capacities, the section should instead be viewed as setting forth commitments by the Medical School that addressed matters of a more personal nature to Hirsch.

Hirsch argues that when a promise in a contract can only be fulfilled by an individual, that individual should be held personally liable on the promise. But even if that proposition were true, it must be viewed in light of common sense and reason. Assuming it had legally binding force, a promise arising from an employment agreement to enthusiastically recommend an employee for tenure can only remain in effect as long as the promisor remains in a position which carries among its ordinary duties that of recommending employees for tenure. If the promisor changes jobs, as Pardes did, he can no longer be bound by a promise to recommend an employee for tenure at his prior place of employment. Pardes can not reasonably be held to carry out a commitment that he has no official duty to carry out or to remain obligated to do indefinitely after terminating the employment relationship from which any such duty may have arisen. The Court thus grants Pardes's motion to dismiss as to him Hirsch's fourth cause of action.

### 5. *Fraudulent Inducement*

Hirsch's fifth and final cause of action alleges that the Defendants falsely represented to her that they had followed proper hiring procedures while recruiting her, falsely promised to "promptly and enthusiastically" recommend her for tenure, and falsely indicated that they would consider her for an endowed chair at the Medical School. (Complaint ¶ 55.) Hirsch alleges that she believed these representations to be true and was thereby induced to leave a tenured position elsewhere to accept employment at the Medical School. (Complaint ¶ 58.)

New York law does not allow a plaintiff to assert a breach of contract claim and a fraud claim grounded on the same set of underlying events. *See TVT*

Records v. Island Def Jam Music Group, 244 F.Supp.2d 263, 275 (S.D.N.Y.2003); Caniglia v. Chicago Tribune—New York News Syndicate, Inc., 204 A.D.2d 233, 612 N.Y.S.2d 146, 147 (App. Div. 1st Dep't 1994) ("It is well settled that a cause of action for fraud does not arise, where, as here, the only fraud alleged merely relates to a contracting party's alleged intent to breach a contractual obligation").

Where the two causes of action relate to the same operative facts, to maintain a separate claim for fraud, a plaintiff must: "(i) demonstrate a legal duty separate from the duty to perform under the contract . . .; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract . . .; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages . . . ." TVT Records, 244 F.Supp.2d at 276 (quoting Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir.1996)).

Pardes characterizes Hirsch's breach of contract claim as stating that Pardes breached a promise to recommend Hirsch for tenure, and contends that Hirsch's fraud claim is essentially identical, with the additional allegation that Pardes never intended to keep his promise. But this view misinterprets Hirsch's fraud claim.

The New York Court of Appeals distinguishes between promises of future action contained in a contract made with an intention of not being performed, and false statements of present fact made to induce a party to enter into a contract. See Deerfield Communications Corp. v. Chesebrough–Ponds, Inc., 68 N.Y.2d 954, 510 N.Y.S.2d 88, 502 N.E.2d 1003, 1004 (1986). In the latter scenario, a separate claim for fraud may be maintained alongside a claim for breach of contract. See id.; see also, Stewart v. Jackson & Nash, 976 F.2d 86, 89 (2d Cir.1992); TVT Records, 244 F.Supp.2d at 275–76.

Hirsch's fraud claim is not, as Pardes would have it, merely a repeat of her breach of contract claim with the addition that Pardes never intended to honor his promise to recommend Hirsch for tenure. Instead, the fraud claim involves allegedly false statements Pardes and others made during the recruiting process in an effort to lure Hirsch to the Medical School. Pardes's alleged representation to Hirsch that the Medical School was following the standard hiring procedures, if in fact made and was false, would have been an intentional misrepresentation of present fact designed to encourage Hirsch to join the faculty of the Medical School, rather than a promise to take some action in the future that he did not intend to honor.

Similarly, Pardes's alleged promise to recommend Hirsch for tenure if she joined the faculty of the Medical School, although seemingly a mere promise of future action, is more accurately characterized as an integral component of the inducement to encourage Hirsch to enter an employment contract with the Medical School. In Stewart, 976 F.2d at 89, the Second Circuit allowed a fraud claim to proceed based in part on an alleged misrepresentation by the defendant law firm that if the plaintiff left her current employer to work for the defendant, the plaintiff would be promoted to a position as head of the defendant's environmental law department. The Court reasoned that because, when the defendant made the representation, it knew it to be false, and because that representation served as an inducement to encourage the plaintiff to enter an employment contract, the representation could support a fraud claim. See id.

Pardes also argues that Hirsch's fraud claim should be dismissed because it

fails to plead fraud with sufficient particularity as required under Fed.R.Civ.P. 9(b). Rule 9(b) provides that "in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993).

 Hirsch alleges that in the fall of 1999, Columbia recruited her to join its faculty. She alleges that she was "informed by Defendants that there was an on-going search" for a vacancy in her field. (Complaint ¶ 28.) She alleges that Pardes and Alderson were the two individuals who recruited her to Columbia. She refers to a statement contained in the Employment Letter signed by Pardes and Alderson promising to "enthusiastically recommend [her] for tenure to the appropriate University Committees as soon as possible" as inducing her to join the Medical School faculty. (Complaint ¶ 34.) Hirsch then states why these statements were fraudulent: she alleges that the proper hiring procedures were not followed, and that the defendants never intended to recommend her for tenure. (Complaint ¶¶ 37–38.) These allegations are sufficient to give Pardes fair notice of the nature of the fraud claim and to formulate a defense. They thus suffice to satisfy Rule 9(b)'s pleading requirements. Pardes's motion to dismiss Hirsch's fifth cause of action is denied.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendant Herbert Pardes's ("Pardes") motion to disqualify plaintiff Joy Hirsch's ("Hirsch") counsel is denied; and it is further

**ORDERED** that Pardes's motion to dismiss the complaint as against him on Hirsch's first, second, third and fourth causes of action is granted; and it is further

**ORDERED** that Pardes's motion to dismiss the complaint as against him on Hirsch's fifth cause of action is denied.

**SO ORDERED.**