KEVIN SPENCE & SONS, INC., Respondent, v BOAR'S HEAD PROVISIONS CO., INC., et al., Appellants. [774 NYS2d 56]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated December 11, 2002, as denied those branches of their motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first through third and fifth through seventh causes of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept as true the facts alleged in the pleading and submissions in opposition to the motion, and accord the plaintiff the benefit of every possible favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]). Applying these principles here, we find that the Supreme Court properly denied those branches of the defendants' motion which sought dismissal of the causes of action alleging breach of contract, declaratory relief, tortious interference with business relations, tortious interference with contract, injurious falsehood, and prima facie tort.

Contrary to the defendants' contention, the complaint sufficiently states a cause of action to recover damages for the alleged breach of the April 15, 2002, letter agreement. The plaintiff alleged facts evincing the parties' intent to be bound by the writing (*see Sokoloff v Harriman Estates Dev. Corp., supra; Liner Tech. v Hayes,* 213 AD2d 881 [1995]), and supporting its contention that the promise to forbear from the commencement of legal action constituted consideration (*see Admae Enters. v Smith,* 222 AD2d 471, 472 [1995]; *Nolfi Masonry Corp. v Lasker-Goldman Corp.,* 160 AD2d 186, 187 [1990]; *Joab Commercial Laundries v Reeder,* 159 AD2d 489, 490 [1990]). Moreover, the plaintiff alleged that the defendants engaged in conduct which, if proven, would support its claim that the defendants breached the covenant of good faith and fair dealing implied in every contract (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra,* at 153; *A.H.A. Gen. Constr. v New York City Hous. Auth.,* 92 NY2d 20, 31 [1998]; *Dalton v Educational Testing Serv.,* 87 NY2d 384, 389 [1995]).

The plaintiff's cause of action seeking a declaration of the re-

ciprocal rights and obligations of the parties to the letter agreement is not duplicative of the breach of contract cause of action (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36 [1995]; *M & A Oasis v MTM Assoc.*, 307 AD2d 872 [2003]).

The complaint also sufficiently states a cause of action alleging tortious interference with both prospective business relationships and existing contracts. The plaintiff satisfied the pleading requirements for its tortious interference claims by, inter alia, making specific allegations identifying those of its customers who were purportedly contacted by the defendants, describing the challenged conduct and the existing and prospective customer agreements affected by that conduct (*see EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.*, 212 AD2d 570, 571 [1995]; *Jurlique, Inc. v Austral Biolab Pty.*, 187 AD2d 637 [1992]; *McGill v Parker*, 179 AD2d 98, 105 [1992]; *Lerman v Medical Assoc. of Woodhull*, 160 AD2d 838, 839 [1990]).

The plaintiff identified the specific representations, allegedly made by the defendants, which underlie its cause of action alleging injurious falsehood (*see Waste Distillation Tech. v Blasland & Bouck Engrs.*, 136 AD2d 633, 634 [1988]; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 371, 373 [1986]). In addition, the plaintiff alleged facts from which it can be inferred, at the pleading stage of this action, that the defendants acted with the "disinterested malevolence" necessary to give rise to a cause of action alleging prima facie tort (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]; *Starishevsky v Parker*, 225 AD2d 480 [1996]; *Butler v Delaware Otsego Corp.*, 218 AD2d 357 [1996]). The plaintiff also adequately set forth the special damages it claims to have sustained as a result of the defendants' alleged publication of injurious falsehoods and the defendants' commission of a prima facie tort (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *Stallings v U.S. Elecs.*, 270 AD2d 188, 189 [2000]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.