| **Olympia Capital Corp. v Yi** |
|:---:|
| 2024 NY Slip Op 32050(U) |
| June 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157840/2019 |
| Judge: III, W. Franc Perry |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. W. FRANC PERRY                        PART

                                          *Justice*

--------------------------------------------------------------------------------X

OLYMPIA CAPITAL CORP.,

                                 Plaintiff,

                    - v -

MICHAEL M. YI, LEE ANAV CHUNG WHITE KIM RUGER & RICTHER LLP

                                 Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157840/2019 |
| MOTION DATE | 01/24/2020 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 52, 53

were read on this motion to/for                    DISMISS                    .

The defendants, move pursuant to CPLR § 3211(a)(7), to dismiss with prejudice the plaintiff's amended complaint. (*See* NYSCEF Doc. No. 27) This motion comes before the Court from a February 12, 2024 transfer order of the Honorable Eric Schumacher before whom this matter is currently pending. (*See* NYSCEF Doc. No. 53)

The plaintiff, Olympia Capital Corp. ("Olympia"), alleges that the defendants, its former counsel, committed legal malpractice. (*See* NYSCEF Doc. No. 23) Specifically, the plaintiff alleges that the defendants acted negligently when they did not oppose a motion to compel arbitration. The plaintiff asserts that the promissory notes in this matter were not subject to adjustment or to the parties' contractual arbitration clause. The plaintiff also asserts that the defendants committed legal malpractice by not filing a separate CPLR § 3213 motion for the repayment of the promissory notes at issue here.

157840/2019   OLYMPIA CAPITAL CORP. vs. YI, MICHAEL M.
Motion No.  002

Page 1 of 5

[* 1]

Olympia received the promissory notes at issue from PMAC Lending Services, Inc. ("PMAC"). PMAC originally obtained the promissory notes from the sale of its residential mortgage loan origination business. The transaction was funded through both a cash payment and three promissory notes totaling nineteen million dollars. The promissory notes involved in this case are from September and October 2015 and total fourteen million dollars. The plaintiff retained the defendants as its counsel in January 2017 and subsequently notified the defendants in July 2017 that the plaintiff would be terminating such representation. On September 12, 2017, a change of attorney was filed, and a new law firm took over the representation of Olympia.

On a CPLR § 3211(a)(7) motion to dismiss, the court must decide whether the complaint states a cause of action. The allegations contained in a complaint are to be accepted as true when deciding a motion to dismiss pursuant to CPLR § 3211. *See Tal v. Malekan*, 305 A.D.2d 281 (1st Dept. 2003). However, "allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration" *See Id.* (citing *Caniglia v Chicago Tribune-New York News Syndicate, Inc.*, 204 A.D.2d 233, 233-234, 612 N.Y.S.2d 146 [1994]).

In a cause of action for legal malpractice there must be "proof of the attorney's negligence, a showing that the negligence was the proximate cause of the plaintiff's loss or injury, and evidence of actual damages." *See Pellegrino v. File*, 291 A.D.2d 60, 63 (1st Dept. 2002); S*ee also Freeman v. Breche*r, 155 A.D.3d 453, 454 (1st Dept. 2017) (finding that "[p]laintiff's speculative and conclusory allegations of proximately caused damages cannot serve as a basis for a legal malpractice claim"). *See also* York v. Frank, 209 A.D.3d 804 (ruling that the plaintiff's allegations as to how an underlying court may have ruled had the defendants filed a particular motion was speculative and that "she sustained actual and ascertainable damages as a

**157840/2019   OLYMPIA CAPITAL CORP. vs. YI, MICHAEL M.**
**Motion No.  002**

**Page 2 of 5**

result of the defendants' negligence also was conclusory and speculative" and finding that the "[amended] complaint failed to adequately plead specific facts to establish that, but for the defendants' alleged negligent conduct, the outcome in the underlying action would have been any more favorable to the plaintiff[ ], or that the plaintiff[ ] would not have incurred any damages" *Id.* at 807  *See also Denisco v. Uysal*, 195 A.D.3d 989  (2nd Dept. 2021) (finding that the "allegations that the Judge who denied [plaintiff's] workers' compensation claim and/or the Workers' Compensation Board would have credited certain evidence, including the testimony of alleged eyewitnesses, if such evidence had been presented by the defendants were speculative and conclusory"  and holding that "[c]onclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative.").

In order to prove that the defendants' negligence was the proximate cause of plaintiff's damages, "[t]he plaintiff must prove first the hypothetical outcome of the underlying litigation and, then, the attorney's liability for malpractice in connection with that litigation." *See Lindenman v. Kreitzer*, 7 A.D.3d 30, 34 (1st Dept. 2004). *See also Reibman v. Senie*, 302 A.D.2d 290 (1st Dept. 2003) (holding that "[i]n order to establish proximate cause, a plaintiff must demonstrate that but for the attorney's negligence, a plaintiff would have prevailed in the matter in question or would not have sustained any ascertainable damages.").

In this matter, plaintiff cannot prevail. The plaintiff claims without providing evidence that the September and October 2015 promissory notes were not subject to adjustment. This Court finds that the promissory notes themselves state they are executed and delivered "pursuant to and in accordance with" the March 2015 Asset Purchase Agreement ("APA"). The APA puts forth that any issues regarding the purchase price will go to arbitration. The promissory notes at

**157840/2019   OLYMPIA CAPITAL CORP. vs. YI, MICHAEL M.**
  Motion No.  002

**Page 3 of 5**

3 of 5

issue here were part of the purchase price which the parties clearly intended might be adjusted as they did not agree on the valuation of the loan origination business. The agreement allowed the buyer to run the business for a year and to revisit the issue as to the volume and value of the loan origination business. The promissory notes themselves contain setoff provisions that anticipate that the amounts due under the notes could be adjusted. (*See* NYSCEF Doc. No. 36-37). The parties intended a dispute regarding the purchase price to be handled in arbitration. Any argument narrowing the scope of what was to be arbitrated or that certain promissory notes were somehow exempt from the agreed upon arbitration could have been raised by the plaintiff's subsequent counsel in the arbitration itself. In addition, the plaintiff, through its subsequent counsel, settled this matter without raising the issue of whether these two notes were subject to arbitration prior to any decision by the arbitrators.

The plaintiff also argues that were the notes subject to adjustment, the plaintiff would have fared better on such adjustment in the court than in arbitration. Plaintiff's subsequent counsel settled the underlying matter before any decision by the arbitrators. The assertion that the plaintiff would have fared better in a court than it did in arbitration and that it suffered damages by the defendants not opposing the motion to compel arbitration is wholly speculative.

Under the facts of this matter, any potential damage claimed by the plaintiff and that such alleged damage was caused by the defendants is in all regards entirely speculative and thus cannot survive the defendants' motion to dismiss. The Court finds that the plaintiff failed to allege any facts necessary to show that the granting of the motion to compel or the alleged failure to file a separate CPLR § 3213 motion was the proximate cause of any damages the plaintiff allegedly suffered in arbitration. Therefore, the defendants' motion to dismiss the plaintiff's

**157840/2019   OLYMPIA CAPITAL CORP. vs. YI, MICHAEL M.**
**Motion No.  002**

**Page 4 of 5**

4 of 5

amended complaint with prejudice is hereby granted. In light of this ruling, the Court finds that

the defendants are entitled to reasonable attorney's fees to defend this action.

      This constitutes the decision and order of the Court.

| __06/18/2024__ | | | | |
| DATE | | | W. FRANC PERRY, J.S.C. | |

| **CHECK ONE:** | | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157840/2019   OLYMPIA CAPITAL CORP. vs. YI, MICHAEL M.**
**Motion No.  002**

**Page 5 of 5**

5 of 5