Feifei Gu v Hong Ji (2025 NY Slip Op 05631)

Feifei Gu v Hong Ji

2025 NY Slip Op 05631

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 101013/22|Appeal No. 4949-4950|Case No. 2024-03068, 2024-04918|

[*1]Feifei Gu, Plaintiff-Appellant,
v
Hong Ji, Defendant-Respondent, Shugang pang, Defendant. 

Feifei Gu, appellant pro se.
Gibney, Anthony & Flaherty, LLP, New York (Robert J. Tracy of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about April 19, 2024, which denied plaintiff's motion for summary judgment on her Labor Law claims against defendant Hong Ji, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 15, 2024, which granted defendant Shugang Pang's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint as against him, denied plaintiff's cross-motion pursuant to CPLR 3215 for a default judgment against Pang, and denied plaintiff's motion for an order of contempt against Pang and his attorney, unanimously affirmed, without costs.
The motion court properly denied plaintiff's motion for summary judgment on her Labor Law claims against defendant Hong Ji because plaintiff failed to meet her prima facie burden. Plaintiff has not established that Ji was her employer so as to support the Labor Law claims. The WeChat conversations she submitted in support of her motion are inadmissible because they failed to comply with CPLR 2101(b) (see Richards v Walls, 238 AD3d 524, 524 [1st Dept 2025]). Plaintiff cannot rely on Wing Chan v Xifu Food, Inc. (2020 WL 5027861, 2020 US Dist LEXIS 142855 [ED NY, Aug. 5, 2020, 18 CV 5445 (ARR)(RML)]) to establish Ji's employer status because the finding in that case was based on Ji's default (see Rojas v Romanoff, 186 AD3d 103, 109 [1st Dept 2020]).
The court properly granted defendant Shugang Pang's motion to dismiss the complaint because the complaint alleged a single bare legal conclusion in relation to Pang's employer status: "Defendant [Pang] was the owner of Foody's Dumpling" (see Caniglia v Chicago Tribune-N.Y. News Syndicate, 204 AD2d 233, 233-234 [1st Dept 1994]). By failing to allege that Pang was her employer, plaintiff's remaining claims premised on that relationship status necessarily fail as against Pang. Although plaintiff requests discovery to obtain a payroll record, she never explains how that record would show Pang's employer status (see CPLR 3211[d]).
The court providently exercised its discretion in denying plaintiff's contempt motion because Pang timely filed his motion to dismiss in lieu of an answer (see CPLR 320[a]; 3211[e], [f]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025