■ In the Matter of the Estate of ROBERT E. OLSSON, Deceased. LORRAINE OLSSON et al., Respondents; BERNADETTE T. OLSSON, Appellant.—In a proceeding pursuant to SCPA 2103 to discover property of the estate of Robert E. Olsson, deceased, and for an injunction against the solicitation of patients, Bernadette T. Olsson, appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), entered May 3, 1990, which denied her motion to dismiss the proceeding, in effect, for failure to state a cause of action.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The decedent Robert E. Olsson, a chiropractor and sole

shareholder of a professional corporation doing business as the Uniondale Chiropractic Office (hereinafter Uniondale), died on October 25, 1989. His executrix, Lorraine Olsson, continued the employment of the appellant, a licensed chiropractor, and negotiated with her for the sale of the corporation and practice. As negotiations faltered, the executrix reached an agreement with another chiropractor. On or about December 22, 1989, the appellant, without warning, withdrew from her employment, set up a practice a short distance from Uniondale, and solicited patients through both letter and telephone, using a list of Uniondale's patients. The intended purchaser of Uniondale then withdrew his offer.

The executrix brought this proceeding under SCPA 2103 to discover property withheld and for an injunction against the solicitation of patients, and sought and obtained a temporary restraining order. The appellant moved to dismiss the proceeding. The Surrogate, treating the motion as one for dismissal for failure to state a cause of action, denied it. We agree with that determination.

The Business Corporation Law requires the executor of a deceased shareholder in a professional service corporation to sell, transfer, or have redeemed the deceased's shares within six months of appointment (see, Business Corporation Law § 1510). The continued existence and operation of the corporation is not restricted during that period, and the corporation may properly carry out its practice through the employment of authorized professionals (see, Business Corporation Law § 1504 [a]). Thus, as in the case of a solo practice not carried out in corporate form, the estate has an interest in the practice. The unauthorized solicitation of patients may impair the value of the corporation and practice. Therefore, the executrix's allegations state a cause of action against the appellant (see, Matter of Finkle, 90 Misc 2d 550, affd 59 AD2d 862). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.