(March 4, 2003)

■ Shui Kam Chan, Appellant, v Kwak Yak Louis et al., Respondents. [756 NYS2d 534] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about July 19, 2001, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied, the complaint reinstated, and the caption amended, nostra sponte, to reflect that plaintiff sues in her capacity "as the administratrix of the Estate of Che Choi Chan, on behalf of all the shareholders of Heep Cheung Corporation."

In 1992, defendant Kwak Yak Louis (Kwak Yak) and plaintiff's now deceased husband, Che Choi Chan (Che Choi) formed Heep Cheung Corporation (Heep Cheung). Each was a 50% stockholder of the closely held corporation. In 1997, Che Choi died, and his wife, plaintiff Shui Kam Chan (Shui Kam), allegedly inherited her husband's interest in the company.

In 1999 Shui Kam, individually, and as administratrix of her husband's estate, commenced an action against Kwak Yak and Heep Cheung. Plaintiff alleged that since her husband's death, Kwak Yak had assumed total control over the corporation, and was operating it for his personal benefit, using corporate funds for personal purposes, without consulting her, without holding shareholders' and/or directors' meetings, or providing for elections of officers and directors. Defendants moved to dismiss the complaint on a number of different grounds, including failure to state a claim. The court granted defendants' motion, without prejudice to plaintiff's right to replead.

Plaintiff then commenced, by service of an amended complaint, a shareholder's derivative action, "on behalf of all the shareholders of Heep Cheung Corporation, and in the right of Heep Cheung Corporation," against Kwak Yak, for breach of fiduciary duty and failure to follow corporate formalities.

Plaintiff requested an accounting, an order compelling Kwak Yak to repay Heep Cheung improperly diverted funds, and a direction that Kwak Yak promptly call directors' and shareholders' meetings. Plaintiff also sought the appointment of a permanent receiver to determine whether or not Heep Cheung should be dissolved.

Defendants moved to dismiss the amended complaint for failure to state a cause of action. The Court granted this motion, "without prejudice to the Estate of Che Choi Chan's right to commence a corporate dissolution proceeding." It stated that plaintiff lacked standing to bring a shareholder's derivative action. We reverse.

On a CPLR 3211 (a) (7) motion to dismiss a complaint, we must accept all of the factual allegations in the complaint as true, and draw all inferences favorably to the plaintiff (*see Barr v Wackman*, 36 NY2d 371, 375 [1975]). Applying this standard, Shui Kam's uncontroverted allegation that, as administratrix of her husband's estate, she has a 50% interest in Heep Cheung, is sufficient to give her standing to bring the instant derivative suit (*Law v Smith & Sons Carpet Co.*, 271 App Div 705, 706 [1947]). Moreover, plaintiff's allegations of self-dealing and corporate waste, if ultimately proven, would justify an accounting, reimbursement, and the appointment of a receiver (*Blank v Schafrann*, 70 NY2d 887 [1987]). Plaintiff is not relegated to a corporate dissolution proceeding to enforce her rights, and may properly bring a derivative action against Kwak Yak for mismanagement and waste (*see Lincoln First Bank v Sanford.*, 173 AD2d 65 [1991]; *Abelow v Grossman*, 91 AD2d 553, 554 [1982], *appeal dismissed* 58 NY2d 1112 [1983]; *Kruger v Gerth*, 22 AD2d 916 [1964], *affd* 16 NY2d 802 [1965]). Concur—Nardelli, J.P., Mazzarelli, Buckley and Ellerin, JJ.