■ MADELINE BERNFELD, Respondent, v YAKOV KURILENKO, Appellant. [937 NYS2d 314]—

The plaintiff's deceased husband, Michael Bernfeld (hereinafter the decedent), and the defendant, Yakov Kurilenko, both licensed dentists, were the only shareholders in a professional corporation known as Michael Bernfeld, D.D.S., and Yakov Kurilenko, D.D.S., P.C. (hereinafter the corporation). The decedent owned 75% of the outstanding shares in the corporation and the defendant owned the remaining 25%. By operation of law, upon the plaintiff's appointment as preliminary executrix of her husband's estate, her deceased husband's shares in the corporation were transferred to her (*see* Business Corporation Law § 1511). The plaintiff thereafter called a shareholder's meeting and voted her shares for the dissolution of the corporation and its sale to a third party. The defendant objected to the meeting and did not vote his shares, thereafter offering to purchase the plaintiff's shares pursuant to Business Corporation Law § 1510 for the corporation's alleged "book value" of $0. The plaintiff then commenced the instant shareholder's derivative action for a judgment in favor of the corporation and against the defendant in an amount not less than the principal sum of $300,000, for the defendant's alleged failure to repay funds the corporation loaned to him, and to direct the defendant to return the corporation's books and records to its accoun-

tant. The defendant moved, inter alia, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (3), alleging that the plaintiff did not have standing to sue. The Supreme Court, inter alia, denied the defendant's motion. The defendant appeals, and we affirm the order insofar as appealed from.

To have standing in a particular dispute, a plaintiff " 'must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law' " (*Village of Elmsford v Knollwood Country Club, Inc.*, 60 AD3d 934, 934 [2009], quoting *Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]). Here, the plaintiff has standing to bring a derivative action on behalf of the corporation since she is the transferee of her husband's shares in the corporation, and thus, the holder of a "beneficial interest" in shares of the corporation (Business Corporation Law § 626; *see Shui Kam Chan v Louis*, 303 AD2d 151 [2003]; *cf. Tal v Malekan*, 305 AD2d 281 [2003]). Contrary to the defendant's contention, Business Corporation Law § 1510, which provides that an executor of the estate of a deceased shareholder of a professional service corporation must sell, transfer, or have redeemed the deceased's shares in the corporation within six months of appointment (*see Matter of Olsson*, 180 AD2d 739 [1992]), does not deprive the plaintiff of standing. Rather, such argument is more properly raised in an action to compel purchase or redemption (*see Matter of Bernfeld*, 86 AD3d 244, 256 [2011]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (3). Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.