OPINION OF THE COURT
Carolyn E. Demarest, J.
In this action by plaintiffs Thomas J. Neary (Neary) and Salvatore Benevento (Benevento) (collectively, plaintiffs) against defendants 2784 West 15th Street, LLC (2784 LLC) and Arthur Burns (Burns), Burns moves for an order, pursuant to CPLR 3211, dismissing plaintiffs’ complaint in its entirety, and awarding him full reimbursement of his legal fees and costs.
Background
Salvatore Judice (Mr. Judice) was the owner of two parcels of real property. One of these parcels is located at 2776, 2778, and 2784 West 15th Street, in Brooklyn (block 8996, lots 89, 91, 92) (the 2784 premises), and the other parcel is located at 363-367 Neptune Avenue, in Brooklyn (the Neptune Avenue premises). *283 The Neptune Avenue premises consists of two buildings with six units in each of them. When Mr. Judice died in 1973, he left the 2784 premises and the Neptune Avenue premises to his five children, i.e., Grace Burns (Grace), Anna Neary (Anna), Lucy Judice (Lucy), John E. Judice (John), and Julia J. Benevento (Julia), and, by subsequent deeds, both of these premises were conveyed to them as tenants in common. Plaintiffs Neary and Benevento have resided virtually their entire lives in residential apartments in the building at 367 Neptune Avenue within the Neptune Avenue premises as rent-stabilized tenants. Anna died in 1987, and she left her estate to her husband, Thomas J. Neary, Sr. (Thomas), who died on August 2, 2004. Thomas’ estate passed to plaintiff Thomas Neary, Salvatore Neary (Salvatore), and Mary Ann Peraccio (Mary Ann), who thereby inherited Thomas’ ownership interest both in the 2784 premises and the Neptune Avenue premises.
In 2006, the family members that held interests in the 2784 premises and the Neptune Avenue premises agreed to form two limited liability companies (LLCs), i.e., 2784 LLC and 363-367 Neptune Avenue, LLC (Neptune LLC), to which their respective interests in these properties would be transferred, with Ray McRory, Esq. acting as their attorney. On November 10, 2006, the operating agreement of 2784 LLC was executed by its initial members, who were listed as: Grace (by Burns, as her attorney-in-fact), Julia (by Benevento, as her attorney-in-fact), Neary, Salvatore, and Mary Ann. An almost identical operating agreement of Neptune LLC was also executed by these members on the same date. The members conveyed their interests in the 2784 premises to 2784 LLC and their interests in the Neptune Avenue premises to Neptune LLC. Pursuant to the operating agreements, Burns was named the manager of both LLCs.
Thereafter, John died on March 28, 2007 and his estate passed to Carmel Salerno, Patricia Judice, Joanne Judice Rafaella, and Salvatore Judice (Judice). The estate of John conveyed its interests in the 2784 premises and the Neptune Avenue premises to the two LLCs. Lucy Judice died without having children, and her estate conveyed its interest in the 2784 premises and the Neptune Avenue premises to the two LLCs. To reflect these changes, on November 1, 2007, an amended and restated operating agreement for 2784 LLC was executed by all of the initial members, and by the estate of John (by Judice, as the executor), as a new member. Schedule A to 2784 LLC’s operating agreement (annexed as exhibit 2 to Burns’ motion *284 papers) lists the voting percentage interests of its members as being: 44.8% for the estate of John, 18.4% for Grace, 18.4% for Julia, and 18.4% for the Neary group, consisting of three listed members, i.e., Neary, Salvatore, and Mary Ann. At some time prior to 2011, Julia died, and her estate passed to her two sons, Benevento and Anthony Benevento (Anthony), in equal shares, pursuant to a will which also named them as co-executors.
In April 2009, members of Neptune LLC were requested to vote on a proposal to sell the Neptune Avenue premises. Benevento (on behalf of the estate of Julia) and Neary voted no to this proposal. By a letter dated April 21, 2009, the members of Neptune LLC were informed that on April 20, 2009, 73.3% of the Neptune LLC’s membership had voted in favor of this proposal, and that, as a result, Burns was authorized to sell the Neptune Avenue premises at the highest and best price possible and to take any necessary steps to do so, including vacating all tenants from such premises.
In September 2009, Burns, on behalf of 2784 LLC, executed a purchase agreement to sell the 2784 premises to M & A Realty Services, LLC for a sales price of $1,050,000. In 2010, the 2784 premises were sold with the purchase price for this sale paid in cash and by a purchase money mortgage. Prior to the sale, 2784 LLC’s members signed a Certificate of Members of 2784 LLC Resolution to Sell Real Property (the certificate) in accordance with section 3.4 of the operating agreement, which required that the manager have prior written approval of a majority vote of all members in order to sell the 2784 premises. The certificate was signed by the estate of John (by Judice), Grace (by Burns, as her attorney-in-fact), the estate of Julia (by Anthony), and the Neary group (by Mary Ann, as the authorized representative), and reflected their respective interests in 2784 LLC of 44.8% for the estate of John, 18.4% for Grace, 18.4% for the estate of Julia, and 18.4% collectively for the Neary group.
Using the funds obtained from this sale of the 2784 LLC premises, Burns, as the manager of 2784 LLC, gave a mortgage and loan from it to Neptune LLC for $250,000 at five percent interest with a mortgage on the Neptune Avenue premises to be paid when these premises are sold. These monies were allegedly used to buy out the non-family tenants of the Neptune Avenue premises so as to have them vacate their apartments there.
On August 13, 2010, an action was filed by Neptune LLC against Neary, Benevento, Carmel Salerno (Carmel), and the estate of Julia (363-367 Neptune Ave. LLC v Neary, Sup Ct, *285 Kings County, index No. 9282/10) (the Neptune Avenue action) for a judgment requiring Neary, Benevento, and Carmel to vacate their apartments, requiring the estate of Julia to take action to remove Neary, Benevento, and Carmel from such apartments, and awarding damages in the sum of $108,000 against Neary, $216,000 against Benevento, and $324,000 against Carmel due to their failure to vacate. In the Neptune Avenue action, Neary and Benevento asserted that Burns had harassed them, refused to make repairs to the building, and denied them essential services in an effort to make the building uninhabitable so that they would be forced to vacate it. Neptune LLC, in that action, contended that it was entitled to sell and vacate the Neptune Avenue premises pursuant to the operating agreement for Neptune LLC. By a decision and order dated December 15, 2010, Justice Mark I. Partnow denied a motion by Neptune LLC to require Neary, Benevento, and Carmel to vacate the Neptune Avenue premises, finding that while Neptune LLC could elect to dissolve and sell the premises pursuant to the majority vote of its members, it could not evict Neary, Benevento, and Carmel and was required to sell the Neptune Avenue premises subject to their rent-stabilized leases.
In December 2010, Burns resigned as the manager of 2784 LLC, and Judice is now its current manager. Burns claims that he and now Judice have been distributing 2784 LLC funds from the sale of the 2784 premises pro rata to the members after enough cash is accumulated and obligations paid, and that plaintiffs admit that they received distributions as members. The Neptune Avenue premises have not yet been sold and Benevento and Neary remain in occupancy as tenants there.
On March 18, 2011, plaintiffs filed the instant action, which initially named 2784 LLC and Burns, along with McRory and McRory, PLLC and Raymond McRory, Esq. (collectively, the McRory defendants), as defendants. On May 2, 2011, plaintiffs served a complaint, and, on May 16, 2011, plaintiffs served an amended verified complaint as of right pursuant to CPLR 3025 (a). Plaintiffs’ amended complaint alleged that Burns, acting on behalf of 2784 LLC and his own personal interests, unilaterally and improperly diverted funds belonging to 2784 LLC for purposes unrelated to it, including making payments in excess of $200,000 to buy out the tenants who resided in the building at the Neptune Avenue premises, and making payments of legal fees to the McRory defendants unrelated to 2784 LLC. It further alleged that Burns, acting on behalf of 2784 LLC and his *286 own personal interests, unilaterally and improperly withheld from the net proceeds realized from the sale of the 2784 premises distributions due to them because they had not vacated their rent-stabilized apartments at the Neptune Avenue premises. Specifically, plaintiffs alleged that Burns withheld the sum of approximately $40,000 (as of the date of the amended complaint) in partial distributions due to them from the sale of the 2784 premises. Plaintiffs asserted that Burns, as the manager of 2784 LLC, owed them a fiduciary duty as members of 2784 LLC.
Plaintiffs’ amended complaint alleged three causes of action. Plaintiffs’ first cause of action against Burns and 2784 LLC sought an accounting of the affairs and monies of 2784 LLC. Plaintiffs’ second cause of action against Burns alleged that Burns diverted monies belonging to 2784 LLC and withheld distributions due to them from the sale of the 2784 premises, which constituted a breach of his fiduciary duties to them. It sought a judgment surcharging Burns in the amounts which are determined to be improperly diverted, converted, and/or misappropriated. Plaintiffs’ third cause of action against the McRory defendants sought a judgment requiring them to disgorge all legal fees paid to them by 2784 LLC which were unrelated to 2784 LLC.
On September 15, 2011, Burns served an answer to plaintiffs’ amended complaint, which denied its material allegations and raised four affirmative defenses. Burns’ first affirmative defense alleged that plaintiffs’ amended complaint fails to state a cause of action. Burns’ second affirmative defense alleged that the court should not proceed in the absence of persons who should be parties. Burns’ third affirmative defense alleged that Benevento has no standing and is not a proper party to this action as he is a co-executor acting without authority in relation to the estate of Julia, who was the member of 2784 LLC, and that Neary has no standing and is not a proper party to this action as he is a member of a group called the Neary group that is the member of 2784 LLC. Burns’ third affirmative defense further alleged that plaintiffs’ amended complaint should be dismissed for failure to join indispensable parties. Burns’ fourth affirmative defense alleged that the court lacks subject matter jurisdiction over plaintiffs’ claims.
Following discussions with the attorneys for the McRory defendants and limited document production by them, plaintiffs, by a stipulation of discontinuance dated January 27, 2012, *287 discontinued this action as against the McRory defendants. On February 23, 2012, Grace (who, as noted above, was Burns’ mother and a member of 2784 LLC) died at the age of 99 years.
By notice of motion dated March 6, 2013, plaintiffs moved for a default judgment, pursuant to CPLR 3215, against 2784 LLC. On April 4, 2013, plaintiffs withdrew that motion and extended the time for 2784 LLC to serve an answer to their amended complaint in exchange for its production of bank statements for its checking account, which 2784 LLC produced in or about the end of May 2013. 2784 LLC has not yet interposed an answer to plaintiffs’ amended complaint.
On June 28, 2013, Burns produced some documents in response to a February 25, 2013 notice to produce for discovery and inspection which was served by plaintiffs. Plaintiffs assert that their review of 2784 LLC’s bank statements and other documents produced in this action have revealed that they have direct claims against Burns and 2784 LLC for the alleged wrongful withholding from them of over $80,000 in distributions due to them from the net sale proceeds from the 2784 premises.
On September 11, 2013, plaintiffs moved for leave to serve an amended summons and second amended verified complaint. Plaintiffs sought to amend the summons and first amended complaint to delete the McRory defendants from the caption and to remove the cause of action asserted as against them to reflect their voluntary discontinuance of all claims against them. Plaintiffs further sought to amend the first amended complaint in order to limit it to direct claims against 2784 LLC and Burns solely for wrongfully withholding from them over $80,000 in distributions due to them from the net sale proceeds from the 2784 premises.
Plaintiffs’ second amended verified complaint (annexed as exhibit A to plaintiffs’ motion papers in motion sequence No. 2) alleges that Neary is a member of 2784 LLC, having a 6.133% ownership interest therein. It further alleges that Benevento has a 9.2% beneficial interest in 2784 LLC through the estate of Julia, who was a member of 2784 LLC, having an 18.4% ownership interest therein, and that Benevento was and is the co-executor of the estate of Julia and is entitled to 50% of Julia’s estate.
Plaintiffs’ second amended complaint sets forth that on January 20, 2010, 2784 LLC, under the sole and exclusive management of Burns, sold the 2784 premises to M & A Realty Services, LLC for the sum of $1,050,000. It alleges that as of *288 January 22, 2010, the sum of $544,018.29 was available for distribution to 2784 LLC members from the net proceeds of the sale of the 2784 premises, and that, as of March 9, 2010, distributions of the net proceeds from the sale of the 2784 premises were made to 2784 LLC members, including distributions paid directly to Neary and Benevento, as members. It asserts that Burns, in breach of independent fiduciary duties he owed to Neary and Benevento in their own, individual capacities, unilaterally and wrongfully withheld from them their fair share of distributions due to them from the net proceeds of this sale in violation of the operating agreement and applicable Limited Liability Company Law. Specifically, it alleges that Burns withheld from these sale proceeds the sum of $35,745.83 from Neary and the sum of $44,831.58 from Benevento.
Plaintiffs’ second amended complaint alleges three causes of action. Plaintiffs’ first cause of action against 2784 LLC alleges that 2784 LLC is in possession and control of the funds wrongfully withheld from them by Burns from their share of distributions of the net sale proceeds of the 2784 premises in violation of the operating agreement and applicable law, and that they have been damaged in the total sum of $80,577.41, plus interest from March 9, 2010. Plaintiffs’ second cause of action alleges a direct claim by Neary against Burns, which asserts that Burns owed an independent fiduciary duty to Neary, as a member of 2784 LLC with a 6.133% ownership interest, that Burns wrongfully withheld the sum of $35,745.83 from his share of distributions from the net proceeds of the sale of the 2784 premises, and that he is entitled to a judgment in this sum. Plaintiffs’ third cause of action alleges a direct claim by Benevento against Burns, which asserts that Burns owed an independent fiduciary duty to Benevento as a member of 2784 LLC with a 9.2% ownership interest and/or as the holder of a 9.2% beneficial interest in 2784 LLC through the estate of Julia, that Burns wrongfully withheld the sum of $44,831.58 from his share of distributions from the net proceeds of the sale of the 2784 premises, and that he is entitled to a judgment in this sum.
On October 24, 2013, Burns filed his instant motion for an order dismissing plaintiffs’ amended verified complaint. In his motion papers, Burns opposed plaintiffs’ motion to amend and sought an order denying plaintiffs’ motion.* 2784 LLC has not *289 submitted any papers with respect to Burns’ motion, and it took no position at oral argument.
In support of their motion to amend, plaintiffs maintained that their proposed amendment was meritorious since they were entitled to their full share of distributions from these sale proceeds and that the withholding of over $80,000 from their distributions was wrongful and improper. Moreover, no prejudice was demonstrated by Burns with respect to the proposed amendment since it simply streamlines plaintiffs’ amended complaint and does not assert any new facts or causes of action against Burns. In addition, there could be no prejudice to 2784 LLC since, as noted above, it has not as yet served an answer in this action, and prejudice to warrant denial of leave to amend requires some indication that the defendants were hindered in the preparation of their case or were prevented from taking some measure in support of their position (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]; Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). Furthermore, while there was a two-year delay by plaintiffs in seeking such leave, discovery is ongoing, and depositions have not yet been held (see Rosicki, Rosicki & Assoc., P.C. v Cochems, 59 AD3d 512, 514 [2d Dept 2009]).
Thus, since a motion for leave to amend a complaint should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987 [2d Dept 2010]; Lucido v Mancuso, 49 AD3d 220, 222 [2d Dept 2008], appeal withdrawn 12 NY3d 813 [2009]), and, here, the proposed amendment was not palpably insufficient or patently devoid of merit and there was also no showing of prejudice or surprise resulting directly from plaintiffs’ delay in seeking leave, the court, at oral argument held on November 20, 2013, granted plaintiffs’ motion for leave to file their second amended verified complaint. While Burns’ motion was originally directed as against plaintiffs’ first amended complaint, since the court has granted plaintiffs’ motion to amend their first amended complaint during the pendency of Burns’ motion, the court will address this motion as against plaintiffs’ second amended complaint (see 49 W. 12 Tenants Corp. v Seidenberg, 6 AD3d 243, 243 [1st Dept 2004]; Livadiotakis v Tzitzikalakis, *290 302 AD2d 369, 370 [2d Dept 2003]; Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38 [1st Dept 1998]).
Discussion
In support of his instant motion, Burns argues that this action must be dismissed based upon plaintiffs’ lack of standing to sue. CPLR 3211 (a) (3) provides for dismissal of an action where “the party asserting the cause of action has not legal capacity to sue.” CPLR 3211 (a) (3) also embraces the ground of the lack of standing to sue, and this statute is, therefore, available to support a motion to dismiss on this ground (see Hecht v Andover Assoc. Mgt. Corp., 114 AD3d 638, 640 [2d Dept 2014]).
Burns, in arguing that plaintiffs lack standing to sue, relies upon the third affirmative defense in his answer to the first amended complaint and contends that plaintiffs are not proper parties and lack standing to sue 2784 LLC and him, as its former manager, because they are allegedly not members of 2784 LLC in their individual capacities.
Burns argues that Neary is not a proper party and lacks standing to sue because the member of 2784 LLC is the Neary group, as opposed to Neary. He points to schedule A of the operating agreement (exhibit 2 to his motion papers), which lists the Neary group as consisting of three members with an 18.4% voting percentage interest, and the footnote to that schedule which states that the three Nearys (Neary, Salvatore, and Mary Ann) have each contributed 100% of their respective undivided interest as tenants in common in the 2784 premises to 2784 LLC, and that “[t]he Neary Group owns an 18.4% Member Interest as a group,” and “has appointed Mary Ann ... to represent them in voting their total 18.4% Voting Percentage Interest until otherwise notified in writing by them.”
Burns’ argument must be rejected. The membership interest of the Nearys was referred to as the Neary group simply because their interest in the 2784 premises derived from Anna and thereafter passed to Neary and his two siblings, which formed the Neary group. The mere fact that Neary permitted Mary Ann to vote the collective 18.4% of the Neary group does not negate Neary’s status as an individual member of 2784 LLC in his own individual right with a 6.133% (one third of 18.4%) ownership interest. Indeed, schedule A of the operating agreement lists Neary separately as a “Member” and sets forth his residence, address and Social Security number. In fact, Neary was an initial member of 2784 LLC at the time of its formation *291 in 2006, and he signed the initial operating agreement and the amended and restated operating agreement as an “Initial Member” (see exhibit A to plaintiffs’ opposition papers). Additionally, Neary, by an email dated February 24, 2010 (exhibit C to plaintiffs’ opposition papers), gave Burns written notice of his intent to vote his own 6.133% membership interest separately. Thus, Neary has established that he is, in fact, an individual member of 2784 LLC and entitled to maintain this action in his own right without the joinder of the other members of the Neary group.
Burns further asserts that Benevento is not a member of 2784 LLC, but, rather, the member is the estate of Julia. He argues that Benevento cannot claim a payment allegedly due to the estate of Julia. He states that while Benevento is a co-executor of the estate of Julia, he is not acting on behalf of the estate with his brother, Anthony, who is the co-executor.
This argument by Burns is unavailing since Benevento is not making a claim on behalf of the estate of Julia, but in his own right as the holder of a beneficial interest of 9.2% of 2784 LLC. Benevento does not seek to recover sums due to the estate of Julia. Rather, he seeks to recover distributions from the sale of the 2784 premises owed to him individually which, he claims, Burns wrongfully withheld from him by making deductions to his share of such sale proceeds because he resides as a rent-stabilized tenant at the Neptune Avenue premises. This claim belongs to Benevento and is not shared by Anthony, the other beneficiary and the co-executor of the estate of Julia, who is not a tenant at the Neptune Avenue premises and received his full share of such proceeds without any deductions. Thus, Benevento, and not the estate of Julia, is the real party in interest in this litigation.
Moreover, it is undisputed that Benevento is the transferee of one half of the interest held by Julia, and, thus, the holder of a “beneficial interest” in 2784 LLC. Such a beneficial interest has been recognized as conferring standing upon a party to bring a derivative action on behalf of a corporation pursuant to Business Corporation Law § 626 (a) (see Bernfeld v Kurilenko, 91 AD3d 893, 894 [2d Dept 2012]; Shui Kam Chan v Louis, 303 AD2d 151, 152 [1st Dept 2003]), which has been held applicable to limited liability companies (see Tzolis v Wolff, 10 NY3d 100, 121 [2008]). While this is not a derivative action, this beneficial interest likewise furnishes a basis for Benevento’s individual claims against 2784 LLC and Burns, and the fact that *292 Benevento obtained his interest through the estate of Julia does not deprive him of standing in this action (see Bernfeld, 91 AD3d at 894).
Furthermore, Burns previously recognized and acknowledged both Neary and Benevento as members of 2784 LLC. An email by Burns dated February 9, 2009 (exhibit B to plaintiffs’ opposition papers) stated that “the three Nearys . . . are direct owners” of 2784 LLC. An email by Burns dated February 22, 2010 (exhibit 6 to Burns’ motion papers) regarding distributions sent to Neary and Benevento inquired as to “[h]ow do the Nearys want their checks” and whether they wanted “[o]ne to Mary Ann or 1/3 to each sib [ling].” Burns, in this email, further inquired as to how he should distribute Julia’s funds, noting that the checks would have to be made out to her estate, and he asked whether he should issue two checks, or one each with the co-executor’s name also on the check. He additionally stated, in this email, that he “only want[ed] to hear from members,” that “[t]he Nearys should elect if they want to vote as a group or individually,” and that the Beneventos will have to “decide themselves.” By an email dated February 24, 2010 (exhibit C to plaintiffs’ opposition papers), Neary responded that he wanted the check issued to him.
Significantly, plaintiffs point out that Burns has already issued separate checks to them in payment of their distributions of the net sale proceeds, and that they are now simply complaining that they did not receive the full amount due to them. Burns, in paragraph 17 of his attorney’s affirmation in support of his motion, admits that plaintiffs have “received distributions.” Thus, by such distributions, Burns has acknowledged Neary’s membership interest and Benevento’s beneficial membership in 2784 LLC and their rights to receive such distributions.
Notably, in the December 15, 2010 decision and order in the Neptune Avenue action, Justice Partnow previously acknowledged that Neary is a member of Neptune LLC and that Benevento has a beneficial interest in Neptune LLC. Burns, in his attorney’s affirmation, has admitted that both Neptune LLC and 2784 LLC “have identical members with only a slight difference in percentage ownership.” Therefore, it follows that Neary is a member of 2784 LLC in his own right in the same way that he is a member of Neptune LLC, and that Benevento holds a beneficial interest in 2784 LLC in his own right in the same way that he holds a beneficial interest in Neptune LLC.
*293 Thus, Neary and Benevento do not lack standing to maintain this action. Dismissal of this action, pursuant to CPLR 3211 (a) (3), must, therefore, be denied.
Burns further contends that plaintiffs have failed to join the other members of 2784 LLC and that, therefore, this action must be dismissed, pursuant to CPLR 3211 (a) (10), which provides for the granting of dismissal of a claim against a party based upon the ground that “the court should not proceed in the absence of a person who should be a party.”
This contention by Burns is devoid of merit since plaintiffs’ second amended complaint asserts direct claims by plaintiffs to recover for distinct injuries that they individually sustained by Burns’ alleged wrongful withholding of their proportionate share of distributions of the net proceeds from the sale of the 2784 premises. Plaintiffs are thus alleging claims based upon the breach of a duty owed directly to them, independent of any duty owed to 2784 LLC or any of its other members (see generally Abrams v Donati, 66 NY2d 951, 953 [1985], rearg denied 67 NY2d 758 [1986]; Behrens v Metropolitan Opera Assn., Inc., 18 AD3d 47, 50 [1st Dept 2005]; Lawrence Ins. Group v KPMG Peat Marwick, 5 AD3d 918, 919 [3d Dept 2004]). Plaintiffs do not seek to recover any sums that may be due to the other members of 2784 LLC or for any damage to 2784 LLC. Plaintiffs’ claims relate only to their own direct claims as against Burns and 2784 LLC and, as a result, do not require the joinder of the other members of 2784 LLC. Consequently, dismissal of plaintiffs’ action for failure to join necessary parties must be denied.
Burns also contends that this action must be dismissed, pursuant to CPLR 3211 (a) (7), based upon plaintiffs’ failure to state a cause of action. “It is well settled that, as a general rule, on a motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff’ (Gruen v County of Suffolk, 187 AD2d 560, 562 [2d Dept 1992]; see also Rosen v Watermill Dev. Corp., 1 AD3d 424, 425 [2d Dept 2003]), and the pleading is to be afforded a liberal construction (CPLR 3026). The court must also accept the facts as alleged in the complaint and submissions in opposition to the motion as true and accord the plaintiff “the benefit of every possible favorable inference” (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; see also Thomas v LaSalle Bank N.A., 79 AD3d 1015, 1017 [2d Dept 2010]). The court, in accepting the facts *294 alleged in the complaint to be true, must “ ‘determine only whether the facts alleged fit within any cognizable legal theory’ ” (Ruffino v New York City Tr. Auth., 55 AD3d 817, 818 [2d Dept 2008], quoting Morris v Morris, 306 AD2d 449, 451 [2d Dept 2003]; see also Hurrell-Harring v State of New York, 15 NY3d 8, 20 [2010]; Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]).
Burns argues that plaintiffs have failed to state a cause of action because there was no wrongdoing by him. Burns’ attorney asserts that Burns sent emails discussing at length that 2784 LLC would give a loan to Neptune LLC and that this loan was authorized by the members. She further asserts that there is no damage to any member because the $250,000 loaned by 2784 LLC is earning interest at five percent and is secured by the real estate, and that when the Neptune Avenue premises are sold, the mortgage will be paid to 2784 LLC with interest and all of the members of both 2784 LLC and Neptune LLC will receive their pro rata shares. She also states that plaintiffs received payments at the same time and “in pro rata amounts as the other members.”
The second amended complaint, however, does not challenge the $250,000 loan made by 2784 LLC to Neptune LLC and does not allege that the sale of the 2784 premises was unauthorized. Rather, plaintiffs assert that Burns wrongfully deprived them of their fair share of the distributions from the net proceeds of the sale of these premises. Specifically, plaintiffs contend that Burns unilaterally and wrongfully withheld sums from their individual distributions because of their refusal to vacate their rent-stabilized apartments at the Neptune Avenue premises. Plaintiffs have annexed a letter by Burns dated March 9, 2010 (exhibit E to plaintiffs’ opposition papers), which establishes that Burns, referring to Benevento’s and Neary’s apartments at the Neptune Avenue premises, unilaterally deducted from their individual distributions of the net sale proceeds of the 2784 premises that were issued by 2784 LLC in March 2010, amounts for “disparate benefits” that Burns claims they received by virtue of their rent-stabilized tenancies at the Neptune Avenue premises. This letter shows that in contrast to the distributions to plaintiffs, these sums were not deducted from the distributions received by the other two Neary members (Salvatore and Mary Ann), Anthony (Benevento’s brother), or Grace, who were paid their distributions in full.
*295 Burns further argues that he should be absolved from liability pursuant to article 4.5 of the operating agreement (exhibit 7 to Burns’ motion papers), which provides as follows:
“A Manager shall not be personally liable to the Company or its Members for damages for any breach of duty as a Manager, except for any matter in respect to which such Manager shall be liable by reason that, in addition to any and all other requirements for such liability, there shall have been a judgment or other final adjudication adverse to such Manager that establishes that such Manager’s acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that such Manager personally gained in fact a financial profit or other advantage to which such Manager was not legally entitled or that with respect to a distribution the subject of Section 508 of the [Limited Liability Company Law], such Manager’s acts were not performed in accordance with Section 409 of the [Limited Liability Company Law].”
Limited Liability Company Law § 508 refers to limitations on distributions to members. Limited Liability Company Law § 409 (a) provides that “[a] manager shall perform his or her duties as a manager, including his or her duties as a member of any class of managers, in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances.”
Burns contends that he did not act in bad faith or engage in intentional misconduct. However, plaintiffs’ allegations, which must be deemed true for purposes of this motion, sufficiently allege such bad faith, asserting that Burns acted “maliciously, wrongfully, and unlawfully,” and in breach of his fiduciary duties. Thus, despite Burns’ attorney’s argument that Burns acted properly, questions of fact are raised as to this issue.
Burns additionally argues that he is entitled to be indemnified and reimbursed for the expenses which he has incurred related to this litigation pursuant to article 4.7 of the operating agreement (exhibit 7 to Burns’ motion papers), which provides that “[t]he Company shall indemnify and hold harmless each Manager and the Members from and against all claims and demands to the maximum extent permitted under the [Limited Liability Company Law].”
Burns requests that his motion “serve as a cross claim” against 2784 LLC for his legal fees and indemnification *296 pursuant to article 4.7 of the operating agreement. Such a request is procedurally improper. Burns has not yet interposed an answer to plaintiffs’ second amended complaint nor did he include a cross claim against 2784 LLC for indemnification in his answer to plaintiffs’ first amended complaint. Moreover, there has been no final adjudication on the issue of whether Burns breached his duties under the operating agreement, and such a finding would defeat his claim for indemnification pursuant to Limited Liability Company Law § 420, which provides as follows:
“Subject to the standards and restrictions, if any, set forth in its operating agreement, a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person, or any testator or intestate of such member, manager or other person, from and against any and all claims and demands whatsoever; provided, however, that no indemnification may be made to or on behalf of any member, manager or other person if a judgment or other final adjudication adverse to such member, manager or other person establishes (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled.”
Consequently, Burns’ request for indemnification and reimbursement under the operating agreement must be denied as premature (see Limited Liability Company Law § 420).
Conclusion
Accordingly, Burns’ motion is denied in its entirety.

 Subsequent to oral argument, the court received a purported “reply” to Burns’ motion to dismiss which included further opposition to plaintiffs’ *289 proposed amendment to their amended complaint. These papers have been rejected by the court and have not been considered (see CPLR 2214 [b], [c]).