Davids v State of New York (2018 NY Slip Op 02168)





Davids v State of New York


2018 NY Slip Op 02168


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-03922
2015-12041
 (Index No. 101105/14)

[*1]Mymoena Davids, etc., et al., respondents, 
v
State of New York, et al., defendants-appellants, et al., defendants; Michael Mulgrew, etc., et al., intervenors-defendants-appellants.


Eric T. Schneiderman, Attorney General, New York, NY (Steven C. Wu, Andrew W. Amend, and Philip V. Tisne of counsel), for defendants-appellants State of New York, Board of Regents of the University of the State of New York, and New York State Department of Education.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing, Devin Slack, and Benjamin Welikson of counsel), for defendants-appellants City of New York and New York City Department of Education.
Stroock & Stroock & Lavan LLP, New York, NY (Charles G. Moerdler, Alan M. Klinger, Beth A. Norton, David J. Kahne, and Adam S. Ross, of counsel), for intervenor-defendant-appellant Michael Mulgrew.
Richard E. Casagrande, Latham, NY (Jennifer N. Coffey, Wendy M. Star, Keith J. Gross, Jacquelyn Hadam, and Christopher Lewis of counsel), for intervenors-defendants-appellants Seth Cohen, Daniel Delehanty, Ashli Skura Dreher, Kathleen Ferguson, Israel Martinez, Richard Ognibene, Jr., Lonnette R. Tuck, and Karen E. Magee.
Arthur P. Scheuermann, General Counsel, School Administrators Association of New York State, Latham, NY (Jennifer L. Carlson of counsel), for intervenors-defendants-appellants Philip A. Cammarata and Mark Mambretti.
Jonathan W. Tribiano, PLLC, Staten Island, NY, for respondents Mymoena Davids, Eric Davids, Alexis Peralta, Stacy Peralta, Lenora Peralta, Andrew Henson, Adrian Colson, Darius Colson, Samantha Pirozzolo, Franklin Pirozzolo, and Izaiyah Ewers.
Kirkland & Ellis LLP, New York, NY (Jay P. Lefkowitz and Devora W. Allon of counsel), for respondents John Keoni Wright, Ginet Borrero, Tauana Goins, Nina Doster, Carla Williams, Mona Pradia, and Angeles Barragan.
Wendy Lecker, Albany, NY, for amicus curiae Alliance for Quality Education.



DECISION & ORDER
In a consolidated action for declaratory relief, the defendants State of New York, Board of Regents of the University of the State of New York, and New York State Department of Education, the defendants City of New York and New York City Department of Education, the intervenor-defendant Michael Mulgrew, the intervenor-defendants Seth Cohen, Daniel Delehanty, Ashli Skura Dreher, Kathleen Ferguson, Israel Martinez, Richard Ognibene, Jr., Lonnette R. Tuck, and Karen E. Magee, and the intervenor-defendants Philip A. Cammarata and Mark Mambretti separately appeal, as limited by their respective briefs, from (1) so much of an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated March 12, 2015, as denied their respective motions pursuant to CPLR 3211(a) to dismiss the complaints insofar as asserted against each of them, and (2) so much of an order of the same court dated October 22, 2015, as, in effect, upon renewal, adhered to its prior determination.
ORDERED that the appeals from the order dated March 12, 2015, are dismissed, as that order was superseded by the order dated October 22, 2015; and it is further,
ORDERED that the order dated October 22, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
This consolidated action challenges the constitutionality of several sections of the Education Law relating to the tenure, discipline, evaluation, and layoff of teachers, on the ground that those sections permit ineffective teachers to remain within New York's public schools and thereby deny students the "sound basic education" guaranteed by article XI, § 1 of the NY Constitution (hereinafter the Education Article) (Board of Educ., Levittown Union Free School Dist. v Nyquist, 57 NY2d 27, 48).
The first complaint in the consolidated action was filed by Mymoena Davids, among others (hereinafter collectively the Davids plaintiffs), in Richmond County. The Davids plaintiffs are 11 children who reside in the State of New York and attend New York City public schools. The first complaint named as defendants, among others, the State of New York, the Board of Regents of the University of the State of New York, and the New York State Department of Education (hereinafter collectively the State defendants), and the City of New York and the New York City Department of Education (hereinafter together the City defendants). The second complaint in the consolidated action was filed by John Keoni Wright, among others (hereinafter collectively the Wright plaintiffs), in Albany County. The Wright plaintiffs are nine parents of students who attend public schools in Albany, New York City, and Rochester. The second complaint named as defendants, among others, the State of New York and the Board of Regents of the University of the State of New York. The actions were consolidated by order of the Supreme Court, Richmond County. Michael Mulgrew, as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO (hereinafter the UFT), Seth Cohen, Daniel Delehanty, Ashli Skura Dreher, Kathleen Ferguson, Israel Martinez, Richard Ognibene, Jr., Lonnette R. Tuck, and Karen E. Magee, individually and as President of the New York State United Teachers (hereinafter collectively the Teacher defendants), and Philip A. Cammarata and Mark Mambretti (hereinafter together the School Administrator defendants), were granted leave to intervene as defendants in the consolidated action.
The State defendants, the City defendants, the UFT, the Teacher defendants, and the School Administrator defendants (hereinafter collectively the defendants) made separate motions pursuant to CPLR 3211(a)(2), (3), (7), and (10) to dismiss the complaints insofar as asserted against each of them on the grounds, inter alia, that they failed to state a cause of action, that they presented a nonjusticiable controversy, and that the Davids plaintiffs and the Wright plaintiffs (hereinafter together the plaintiffs) did not have standing to maintain the actions. In an order dated March 12, 2015, the Supreme Court, among other things, denied the defendants' respective motions. The defendants then made separate motions, inter alia, for leave to renew their prior motions, contending that the actions had become academic since the New York State Legislature had amended some of [*2]the statutes challenged by the plaintiffs. In an order dated October 22, 2015, the court, in effect, granted renewal and, upon renewal, adhered to its original determination. The defendants appeal.
"In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), our well-settled task is to determine whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated" (Aristy-Farer v State of New York, 29 NY3d 501, 509 [internal quotation marks omitted]; see Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318; People v New York City Tr. Auth., 59 NY2d 343, 348). The plaintiffs are entitled to all favorable inferences that can be drawn from their pleadings (see Aristy-Farer v State of New York, 29 NY3d at 509). Thus, if the court determines that the plaintiffs are entitled to relief on any reasonable view of the facts stated, the inquiry is complete and the court must declare the complaint legally sufficient (see id.).
"The Education Article requires the Legislature to provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated'" (Paynter v State of New York, 100 NY2d 434, 439, quoting NY Const, art XI, § 1). "[S]tudents have a constitutional right to a sound basic education'" (Paynter v State of New York, 100 NY2d at 439, quoting Board of Educ., Levittown Union Free School Dist. v Nyquist, 57 NY2d at 28). "[A] sound basic education consists of the basic literacy, calculating, and verbal skills necessary to enable children to eventually function productively as civic participants capable of voting and serving on a jury'" (Paynter v State of New York, 100 NY2d at 439-440, quoting Campaign for Fiscal Equity v State of New York, 86 NY2d at 316). " Fundamentally, an Education Article claim requires two elements: the deprivation of a sound basic education, and causes attributable to the State'" (Aristy-Farer v State of New York, 29 NY3d at 517, quoting New York Civ. Liberties Union v State of New York, 4 NY3d 175, 178-179).
Here, the Davids plaintiffs allege in their complaint that teachers are a key determinant of the quality of education students receive and have a profound impact on students' lifetime achievement. The Davids plaintiffs allege that students taught by ineffective teachers—those in approximately the bottom five percent of teachers in New York—suffer lifelong problems and fail to recover from this marked disadvantage.
The Davids plaintiffs allege that the statutory scheme which controls the dismissal of teachers in New York and a seniority-based layoff system make it nearly impossible for school administrators to dismiss ineffective teachers. Specifically, the Davids plaintiffs allege that the following statutes pertaining to the dismissal of teachers deprive students of a sound basic education: Education Law §§ 1102(3), 2509, 2573, 2590-j, 3012, 3014, and 3020-a (hereinafter collectively the Dismissal Statutes). They further allege that Education Law § 3013(2), which mandates that teachers with the least seniority be laid off first (i.e., "last in first out"; hereinafter the LIFO Statute), also deprives students of a sound basic education.
The Davids plaintiffs allege that because of the Dismissal Statutes, school administrators are compelled to either leave ineffective teachers in place or transfer them from school to school. This statutory scheme, they allege, inevitably presents a fatal conflict with the right to a sound basic education guaranteed by article XI, § 1 of the NY Constitution because it forces certain New York students to be educated by ineffective teachers who fail to provide such students with the basic tools necessary to compete in the economic marketplace and participate in a democratic society. The Davids plaintiffs further allege that the LIFO Statute creates a seniority-based layoff system, irrespective of a teacher's performance, effectiveness, or quality. They allege that the LIFO Statute, together with the other statutes at issue, ensures that a certain number of ineffective teachers who are unable to prepare students to compete in the economic marketplace or to participate in a democracy retain employment in the New York school system, and substantially reduces the overall quality of the teacher workforce in New York public schools. The Davids plaintiffs seek a declaration that the Dismissal Statutes and the LIFO Statute, separately and together, violate the right to a sound basic education protected by the Education Article of the NY Constitution.
The Wright plaintiffs challenge the constitutionality of Education Law §§ 2509, 2510, 2573, 2585, 2588, 2590, 3012, 3012-c, 3020, and 3020-a (hereinafter collectively the Challenged Statutes). They allege that the Challenged Statutes confer permanent employment, prevent the removal of ineffective teachers from the classroom, and mandate that layoffs be based on seniority alone, rather than effectiveness. The Wright plaintiffs allege that the Challenged Statutes ensure that ineffective teachers who are unable to provide students with a sound basic education are granted virtually permanent employment in the New York public school system and near-total immunity from termination of their employment. They allege that the Challenged Statutes impose dozens of procedural hurdles to dismiss or discipline ineffective teachers, including investigations, hearings, improvement plans, arbitration processes, and administrative appeals, making it prohibitively expensive, time-consuming, and effectively impossible to dismiss an ineffective teacher who has already received tenure. The Wright plaintiffs allege that, because of the difficulty, cost, and length of time associated with removal, the number of ineffective teachers who remain employed is far higher than the number of those disciplined or terminated, and that ineffective teachers return to the classroom and students are denied their right to a sound basic education.
The Wright plaintiffs further allege that Education Law § 2585 mandates that the last teachers hired are the first fired when school districts conduct layoffs that reduce the teacher workforce, irrespective of teacher effectiveness or quality. They allege that, in the absence of that statute, school administrators conducting layoffs would consider teacher performance, a higher number of effective teachers would be retained, and fewer children would suffer the loss of an effective teacher. The Wright plaintiffs allege that Education Law § 2585, both alone and in conjunction with the other Challenged Statutes, ensures that a number of ineffective teachers unable to provide students with a sound basic education retain employment in the New York school system. The Wright plaintiffs seek a declaration that the Challenged Statutes violate the NY Constitution.
We agree with the Supreme Court that the Davids plaintiffs' allegations are sufficient to state a cause of action for a judgment declaring that the Dismissal Statutes and the LIFO Statute separately and together violate the right to a sound basic education protected by the Education Article of the NY Constitution. In addition, the Wright plaintiffs' allegations are sufficient to state a cause of action for a judgment declaring that the Challenged Statutes violate the NY Constitution. Accordingly, the defendants were not entitled to dismissal under CPLR 3211(a)(7).
Contrary to the defendants' further contentions, the plaintiffs' allegations present a justiciable controversy (see Matter of Montano v County Legislature of County of Suffolk, 70 AD3d 203, 211). "[T]o avoid resolving questions of law merely because a case touches upon a political issue or involves acts of the executive would ultimately undermine the function of the judiciary as a coequal branch of government'" (Matter of Boung Jae Jang v Brown, 161 AD2d 49, 55, quoting Matter of Anderson v Krupsak, 40 NY2d 397, 404). "Notwithstanding the doctrines of justiciability and separation of powers or, perhaps more aptly, because of them, the courts will always be available to resolve disputes concerning the scope of that authority which is granted by the Constitution to the two other branches of the government" (Matter of Montano v County Legislature of County of Suffolk, 70 AD3d at 211 [internal quotation marks omitted]; see Korn v Gulotta, 72 NY2d 363, 369; Saxton v Carey, 44 NY2d 545, 551).
We further agree with the Supreme Court that the plaintiffs' claims are not academic despite the amendments to some of the statutes they challenge. It cannot be concluded at this stage of the proceedings that a declaration as to the validity or invalidity of those statutes would "have no practical effect on the parties" (Saratoga County Chamber of Commerce, v Pataki, 100 NY2d 801, 811). Further, contrary to the defendants' contentions, the plaintiffs had standing to commence these actions, as they adequately alleged a threatened injury in fact to their protected right of a sound basic education due to the retention and promotion of alleged ineffective teachers (see generally Bernfeld v Kurilenko, 91 AD3d 893, 894).
The defendants' remaining contentions are without merit.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court